U. DART, Jr., plaintiff in error, *vs.* S. T. DUPREE, defenfendant in error.

When the evidence is conflicting and no rule of law violated in submitting the facts to the jury which probably might have produced a different result, a new trial will not be granted on the ground that the verdict is contrary to the evidence, the more especially when the presiding Judge is satisfied with the verdict.

New Trial.    Before Judge SESSIONS.    Glynn Superior Court.    November Term, 1870.

Dupree sued U. Dart, Jr., upon an account for work and labor from the 15th of March, 1865, to the 1st of March, 1866, at $3 00 per day, on which he gave credit " by cash and note, $105 00, and lost time, $18 00." That he did the work and labor was not disputed. The evidence as to its value ranged from $1 00 to $3 00 per day.

The defense was that plaintiff worked for his board and clothing; that he worked for defendant's father, and that the father paid him said " note and cash, $105 00," which was all his work and labor was worth. It was shown that plaintiff was boarded and clothed and got said note and cash; and defendant paid him ; but as to whether he employed him and paid him as agent for his father or upon his own account, the evidence was conflicting.

The Court charged the jury that if the credit was given to defendant exclusively, they should find for plaintiff.

The jury deducted the amount paid, the value of the board and clothing, and gave a verdict for plaintiff for $118 00. Defendant moved for a new trial upon the grounds that said verdict was contrary to law and the charge of the Court, and unsupported by the evidence. The Court refused a new trial. That is assigned as error.

HARRIS & DAVENPORT, by Judge COLLIER, for plaintiff in error.

HARRIS & WILLIAMS, for defendant.

WARNER, Judge.

This was an action brought by the plaintiff against the defendant on an open account for wages. The jury, on the trial, found a verdict in favor of the plaintiff for the sum of $118 00. A motion was made for a new trial on the ground, that the verdict was contrary to law, contrary to the charge of the Court, and contrary to the evidence and the weight of the evidence. The Court overruled the motion, and the defendant excepted. The evidence was conflicting, and the jury were the proper judges as to the credibility of the testimony of the witness, and the weight to which it was entitled in view of their interest and relation to the parties. In such cases, the uniform ruling of this Court has been not to interfere with the verdict where no rule of law has been violated in submitting the facts to the jury, which probably might have produced a different result, the more especially when the presiding Judge, who tried the cause, is satisfied with the verdict. We find no error in this record which will authorize this Court to set aside the verdict and grant a new trial.

Let the judgment of the Court below be affirmed.